UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

OSCAR GARNER,
      Plaintiff,

v.                                                   Case No. 16-CV-1536

J. HILL et al.,
      Defendants.
_____

## ORDER

Plaintiff Oscar Garner, a Wisconsin state prisoner who is representing himself, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his civil rights at the Wisconsin Secure Program Facility. ECF No. 1. Plaintiff filed a motion for leave to proceed without prepayment of the filing fee, and the Clerk of Court sent plaintiff a letter asking him to submit a certified copy of his Prisoner Trust Account Statement in order to assess an initial partial filing fee. ECF Nos. 2-3. Plaintiff did not submit his trust account statement. Instead, he filed a motion to pay the full filing fee using his release account. ECF No. 5.

"A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code DOC § 309.466). A district court "can order disbursement from the release account for payment of the *initial* partial filing fee, [but] the PLRA does not require the Court to invade that account for payment of the balance." *Id.* (emphasis added) (citing § 1915(b)). Nothing in the language of § 1915(b)(2) "can be interpreted as congressional intent that prisoners deplete savings

or release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). "Given the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result," *Wilson*, 2014 WL 3671878, at *3, I will deny plaintiff's motion to use his release account to pay the full filing fee.

If plaintiff seeks to use his release account to pay the *initial* partial filing fee, he must submit a certified copy of his Prisoner Trust Account Statement on or before **December 21, 2016** so that I can assess the initial partial filing fee. If plaintiff fails to submit this document, I have authority to dismiss his complaint without prejudice based on his failure to diligently prosecute this case. *See* Civil L. R. 41(c) ("Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action . . . the Court may enter an order of dismissal with or without prejudice.").

**THEREFORE, IT IS ORDERED** that plaintiff's motion to pay the filing fee using his release account (ECF No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before **December 21, 2016,** plaintiff shall mail the Clerk of Court his six-month trust account statement if he seeks to proceed with this case.

Dated at Milwaukee, Wisconsin, this 1st day of December, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

2

Case 2:16-cv-01536-LA   Filed 12/01/16   Page 2 of 2   Document 6